### J. A. WILLIAMS V. THE STATE.

No. 9815.   Delivered January 20, 1926.

**Possessing Intoxicating Liquor—Circumstantial Evidence—Failure to Charge—Reversible Error.**

Where, on a trial for possessing intoxicating liquor, for the purpose of sale, the main fact was sought to be proven as a matter of inference from other facts in evidence, it is reversible error, if properly excepted to, for the trial court to fail to charge on the law of circumstantial evidence. See Par. 2, Sec. 2478 of Branch's P. C. for collation of authorities.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*B. Jay Jackson,* of Cleburne, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of intoxicating liquor and the punishment is two years in the penitentiary.

The State's testimony shows that liquor and equipment for the manufacture of liquor were found on premises which were jointly occupied by the appellant and his son, Ralph Williams. At the time the liquor in question was found, the testimony of defendant affirmatively shows that the appellant was not present at his home.

The appellant's testimony shows that on the day the liquor was found at his home in Johnson County he was in the City of Dallas and had been there since early of the morning before and remained there until the morning after.

The court in submitting the case to the jury failed to charge on the law of circumstantial evidence. His failure to so charge was excepted to at the time. Notwithstanding the appellant's

exception because of the failure to so charge the court refused to amend his charge. Under the undisputed facts in this case, it was one depending entirely on circumstantial evidence. The main fact sought to be proved as a matter of inference from other facts in evidence and the case rested wholly in a legal sense upon circumstantial evidence. In Par. 2, under Sec. 2478 of Branch's P. C. will be found many cases holding that in a case of this character it is reversible error to refuse to submit the law of circumstantial evidence.

In view of another trial, we suggest the propriety of the court giving a proper charge on alibi, should the evidence in the case be the same on this issue as that contained in this record.

Because of the error of the court in refusing to charge on circumstantial evidence, the judgment is reversed and the cause remanded.　　　　　　　　*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.